### E. H. CARMICKLE v. THE STATE.

No. 9144.    Delivered May 27, 1925.

Rehearing denied June 24, 1925.

1.—Forgery—Evidence—Non-Expert Witness—On Insanity.

Where on a trial of forgery, the appellant's sanity being in issue, it was not error for the court to permit witnesses who had known appellant for a long time and who had been intimately associated with him to give their opinion, based on hearing him talk, seeing him, and noting his conduct, that they had never observed anything to indicate that he was of unsound mind.

ON REHEARING

2.—Same—Recommendation of Jury—Not a Verdict.

Where appellant complains in his motion for a new trial that the verdict of the jury could not support a judgment, because the jury when the verdict was returned, handed to the court another document signed by their foreman in which they recommended that after twelve months of good behavior in the penitentiary appellant be given a pardon. Such document had no legal status, and was no part of the verdict, and the matter was not properly presented by bill of exception, and no error is apparent.

Appeal from the District Court of Hale County. Tried below before the Hon. R. C. Joiner, Judge.

Appeal from a conviction of forgery; penalty, two years in the penitentiary.

The opinion states the case.

*T. H. McGregor, A. L. Love, W. W. Kirk,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—From conviction in district court of Hale County of forgery, with punishment fixed at two years, appellant appeals.

Two bills of exception were reserved. Each presents practically the same objection to the action of the trial court in permitting witnesses who had known appellant for a long time and been intimately associated with him, to state that from being with him, hearing him talk, seeing him, noting his conduct in dealings had with him by said witnesses, they had never observed anything to indicate that he was mentally unsound and that in their judgment he was of sound mind. Each bill is qualified by the learned trial judge by a statement of the facts showing the intimate acquaintanceship and abundant opportunity on the part of the witnesses to form bases for the opinions expressed. We see no error in either bill.

Appellant asked for a new trial asserting that one of the jurors made statements to his fellow jurymen in their retirement which were improper. No affidavit of any jurymen is attached to the motion. The fact that appellant swore to said motion would not require the court to grant same. The matter of what took place in the jury room, as far as appellant was concerned, was necessarily hearsay and his affidavit regarding it was of the same character. The court did not err in overruling said motion in this condition.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In his motion appellant argues but the proposition that the verdict was not such as could be made the basis of the judgment rendered. The complaint is not here presented by any bill of exceptions. In his motion for new trial appellant set up that when the jury returned their verdict of guilty assessing a penalty of two years in the penitentiary, they also handed to the court another document signed by their foreman in which they recommended that after twelve months of good behavior in the penitentiary this appellant be given a pardon. If such document was handed to the court it was not carried into the minutes nor made part of the judgment, but was properly held a matter beyond the power of the jury and was rejected. We know of no proper way by which such recommendation could be thus made. If there was such separate paper handed to the court, and if the court failed to call the attention of the jury of the fact that they were exceeding their proper province, and the accused desired to take any advantage of such situation, he should have brought the matter to the attention of this court by a bill of exceptions complaining of the refusal of motion for new trial

or in some other manner. There is nothing in the complaint as here presented by appellant which we can consider.

The motion for rehearing will be overruled.

*Overruled.*