RAY FOWLER v. THE STATE.

No. 12015. Delivered January 16, 1929.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful transportation of intoxicating liquor; penalty, one year.

The sufficiency of the evidence is questioned. It is very briefly as follows: Appellant with two companions left Texas and went into Oklahoma about five or six miles in a car belonging to one of the companions of appellant, who was to receive and did receive a pint of whiskey for the trip. Arriving in Oklahoma one of appellant's companions left the car and returned with a pasteboard box, the contents of which appear to have been unknown to the owner of the car, who testified as a witness. They afterwards returned to the little town of Byers in Texas with said box and there was delivered to the owner of the car a pint of whiskey. Appellant and two others were seen behind a car by a witness and money was heard "to rattle," under circumstances which indicated to a bystander that a sale of whiskey was being made. Appellant and his companions went into a barber shop, followed by the observer of this transaction. Appellant's companion said, "Bust it, don't take no chance," and appellant busted it, "a half gallon of whiskey." They had previously offered some whiskey to this same party. After this transaction part of the liquid which had come from this bottle was mopped up and placed in a bottle. It had the odor of whiskey and two witnesses swore that it was whiskey. We deem the evidence sufficient to support the verdict of guilty. Ramsey v. State, 94 Tex. Crim. Rep. 429; Woytek v. State, 100 Tex. Crim. Rep. 122.

Appellant filed application for a suspended sentence but offered no evidence on same and no such issue was submitted by the Court in his charge to the jury. The jury brought into court a verdict

finding appellant guilty, assessing his punishment at confinement in the penitentiary for a term of one year with the following in addition: "We further recommend that the defendant's sentence be suspended during his good behavior." The Court refused to receive this verdict and instructed the jury to return to their room and consider further of the verdict. They thereafter returned into open court a verdict of guilty without the addition of the matter mentioned above, which was received and filed. This matter is made the subject of Bill of Exception No. 4. We think the Court's action in refusing to receive the verdict was correct. It was not responsive to the issues. Carmickle v. State, 101 Tex. Crim. Rep. 94. A different question would be before us if this verdict had been received and a judgment of guilty entered thereon without suspension of sentence.

Further complaint is made of the reception in evidence of the transaction happening in Oklahoma with reference to securing and bringing back the pasteboard box. The specific objection to this was that it was proof of an offense committed in another jurisdiction and was therefore immaterial, irrelevant and prejudicial. It was proof of a circumstance tending to show appellant's guilt. We know of no rule which excludes relevant evidence merely because its situs happens to be within the boundaries of another sovereignty.

Still another bill of exception reflects the following transaction: When the Court had completed his charge, he gave appellant's counsel twenty minutes to file exceptions to same. Upon objection that the time allowed was too short, the Court extended the time to twenty-five minutes, "whereupon, defendant's counsel stated to the Court that the defendant did not care to file any objections, exceptions or special charges." As no injury is shown and especially in view of this last statement in the bill, we are of the opinion that same is without merit. We think it plainly inferable from the recitals of the bill that appellant acquiesced in the Court's action in allowing him twenty-five minutes.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.